Judge Mills
delivered the Opinion of the Court.
This is an action of covenant, brought on a bond taken to the plaintiff in the court below, on the prosecution of an appeal against him, from a judgment of a justice of the peace to the circuit court. It is several, against the surety only, omitting the principals; and a verdict and judgment was rendered against the obligor in the bond, and that judgment we have to revise.
The defendant below craved oyer, and demurred, and also filed pleas to the merits. The demurrer was overruled. We conceive the demurrer ought to have been sustained. The declaration is unskil-fully drafted. But if we wink at its numerous defects in form, and its almost unintelligible language, there is a variance between the bond declared on, and that produced on oyer, which must be held fa *340 tal. The bond set out in the declaration, is stated to be the bond of the defendant and two others. The bond produced, appears to*be executed by the defendant and one other person only. For this variance, the demurrer ought to have been sustained.
Repleader.
Case before the justice and the circuit court.
Judgment to be rendered on a plea of fully administered, admitted.
Appeal lies to .correct a of imifpropriis, or testatoris, where it ^anL°acc¿~ derint.
*340 ’ As this will lead us back to such an early stage of the proceedings, we need not notice many of the subsequent points made by pleading, as a repleader must be awarded, if the action progresses, and even the declaration must be amended.
We will, however, notice one question which was presented and relied on by the defendant, both in pleading and obj'ecting to evidence, and which may be conclusive of the controversy. The condition of the appeal bond, binds the defendant to pay the debt, costs and damages recovered, in case the judgment of the justice should he affirmed, and the averment of the declaration alleges that the judgment was affirmed. This was contested by the defendant, but the point was decided against him.
The judgment rendered by the justice of the peace, was against the administrators, on a security or note given by their intestate. It seems that they appeared before the justice, and attempted to plead fully administered.
'Their plea was admitted. But the justice not attending to the distinction between judgments rendered against administrators, to be levied of the goods and chattels, which were of the testator or intestate, at the time of his death, and which had come to his hands to be administered; and those to be levied of those goods and chattels, which were of the testator or intestate, and which should thereafter, come to the hands of his executors or administrators, to be administered, rendered judgment generally, that the plaintiff below should recover his demand; and indeed it is to be inferred, that the demand was to be levied personally on the administrators, and not on the fund which they represented.
It was to correct this error of the justice, probably, that the appeal was taken; for at no stage of the proceedings, did the administrators contest the *341 debt. In the. circuit court, they pleaded fully administered, and the plea was confessed, and judgment craved of future assets.
Forms and a-mendmentsof JU Sments-
Where the judgment of the justice against an executor, is de bonis propriis and he appeals, and judgment is rendered against him, for the same sum, de bonis testatoris, the condition of the appeal bond is not forfeited. '
Here again, other irregularities crept into the record, (which is, throughout, like mistakes of the night) judgment was rendered that the appellants, (the administrators,) recover of the appellees, (the plaintiff before the magistrate) the debt, interest and costs. We do nol however rely on this transposition of names of appellant for appellee, nor are we willing to take these inaccuracies literally, as we conceive there is enough in the record to amend this, and to show a contrary intention.
But the judgment is “to be levied of the goods and chattels, which were of the decedent at the time of his death, yet to be administered.” Although this judgment partakes of the general inaccuracy of derks, who too often do not discriminate between the goods and chattels, which had, and those which thereafter should come to the hands of the executors and administrators to be administered, yet we apprehend it must be construed as a judgment to be levied of future assets, and that by other parts of the record, it is amendable so as to read in that way, especially as the plea of fully administered, is fully confessed in the same entry.
The judgment, therefore, of the justice was not affirmed as the plaintiff below hath alleged, nor was the appeal bond forfeited. The administrators gained by their appeal, that for which they appealed, a correction of the judgment. On this judgment, no execution could issue until it was ascertained by scire facias, that subsequent assets had come to their hands, and they and their surety did not become liable on the appeal bond. For it would be absurd to say, that administrators or executors should be driven to an appeal because a justice would attach no credit to the plea of plena administravit when true, and that when they had gotten the benefit of their plea in the circuit court, and got the judgment fixed on future assets only, they and their sureties should still forfeit their appeal bond and become personably liable.
Robertson, for plaintiff; Denny and Rudd, for de* fendants.
The judgment must be reversed with costs, and the verdict be set aside, and final judgment be rendered in the court below, for the defendant there, sustaining the demurrer to the declaration, unless the plaintiff shall obtain leave to amend the declaration, and then such other proceedings may be had as shall not be inconsistent with this opinion.